GEM SAVINGS ASSOCIATION, 400 Gem Plaza, Dayton, Ohio 45402, Plaintiff,

v.

OAK MANOR HOMES, INC., Dayton, Ohio, Defendant.

In the Matter of, OAK MANOR HOMES, INC., Debtor.

Bankruptcy No. 3-80-01153.
Adv. No. 3-81-0664.

United States Bankruptcy Court, S. D. Ohio, W. D.

Nov. 24, 1981.

George Ledford, Englewood, Ohio, Robert N. Berger, Dayton, Ohio, for defendant.

Edward H. Siddens, Charles D. Shoot, Dayton, Ohio, for plaintiff.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

Oak Manor Homes, Inc. (Defendant herein) filed a petition for reorganization under Chapter 11 on 28 April 1980. According to the Statement of Affairs, the Debtor had been engaged as general contractors in new home construction and remodeling since May, 1975.

As scheduled, Debtor was at the time of filing owner in fee and by land contract of 9 parcels of real estate of an estimated value of $889,110.00. Gem City Savings Association (now Gem Savings Association) held mortgage liens on six of these parcels.

On 26 August 1980 the Debtor in Possession filed an application for an extension of time to file a plan because "Debtor's Accountant has not completed the financial analysis of the corporation" and because of a pending adversarial matter.

Debtor's Plan and its Disclosure Statement was filed on 25 September 1980. There are non-priority, unsecured debts in the amount of $263,349.07 (79 creditors); and, a secured claim in the amount of $565,-750.24 as of April 28, 1980. The 1979 Federal Income Tax has not been prepared and no balance sheet was supplied. The Plan is to be funded only from funds "derived from the operations of the company."

No financial reports, or any other financial data, has ever been filed in the case, in compliance with the Superintendency Order of the Court. There is no way for any

interested party to ascertain income and expenses, or other handling of funds, by examining the court records, although testimony indicated funds have been collected and disbursements made.

On 30 September 1981 Plaintiff herein filed a complaint for relief from the stay imposed by 11 U.S.C. § 362 so as to file foreclosure suits on four of the parcels of real estate, placed at issue by answer of Defendant, and set for trial on November 16, 1981.

Opinions vary as to the potential market value of these four parcels. In light of the Proposed Plan and Disclosure Statement as filed, extensive analysis of the valuation evidence need not be labored. One residence is practically completed, upon which the mortgage balance as of 28 October 1981 is in the amount of $105,882.56, with a debt service charge of $28.08 per day. One residence will require $4,500.00 to complete, upon which the mortgage balance on 28 October 1981 was $116,661.67 with debt service charge of $21.12 per day. One residence dence will require $10,500.00 to complete, upon which the mortgage balance on 28 October 1981 is $85,854.93, with a debt service charge of $21.12 per day. One resident will require $25,000.00 to complete, upon which the mortgage balance on 28 October 1981 was $69,110.23, with a debt service charge of $16.96.

Hence, debt service charges on these four specific parcels (not including mechanics and materialmen liens) is at least $100.00 per day. The Disclosure Statement indicates no anticipation of additional capital contributions and there is slight if any potential for a successful reorganization, other than the proverbial boot-strap operation at the expense of third party risks (using modest terms and terminology).

Furthermore, the fact cannot be obviated that there has been no constructive change in circumstances or likelihood of reorganization after eighteen months of operation. At best, the ultimate goal can only be liquidation.

In short, the conclusion is inescapable that Gem Savings Association is not ade-quately protected as first mortgagee; and, the remedy sought should be granted.

Because of economic factors and legal principles and procedures discussed by this Court in *Hunter Savings Association v. Georgetown of Kettering, Ltd., et al.*, 14 B.R. 72 (Bkrtcy.S.D.Ohio 1981), involving a state court foreclosure suit, the respective interests of all parties can be best advanced in the bankruptcy court.

ORDERED, ADJUDGED AND DECREED, that Gem Savings Association should be, and is hereby, granted leave to proceed with a suit in foreclosure and sale in the bankruptcy court.